## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

NATHANIEL PAIGE,                  :
                                  :
            Plaintiff,            :        Case No. 5:23-CV-00087-MTT-CHW
                                  :
      v.                          :
                                  :
GEORGIA DEPARTMENT OF             :
CORRECTIONS, *et al*.,            :        Proceedings Under 42 U.S.C. §1983
                                  :        Before the U. S. Magistrate Judge
            Defendants.           :

### ORDER

*Pro se* Plaintiff Nathaniel Page, a prisoner confined at Macon State Prison in Oglethorpe, Georgia has filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  Plaintiff did not pay the filing fee and did not request leave to proceed without prepayment of the filing fee.   In order to proceed, Plaintiff must either pay the $402.00 filing fee or if indigent, file a motion to proceed *in forma pauperis*.  If Plaintiff seeks to leave to proceed *in forma pauperis*, he is advised that pursuant to 28 U.S.C. § 1915(a)(1)-(2) he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."   Without an account statement or similar certified documentation from Plaintiff's place of incarceration, the Court does not have sufficient information to determine whether the Plaintiff will be permitted to proceed *in forma pauperis* and whether a partial initial filing fee will be assessed.  *See id*.; 28 U.S.C. §

1915(b)(1).   Plaintiff is further notified that even if he is allowed to proceed *in forma pauperis* with or without a partial initial filing fee, a Plaintiff must nevertheless pay the full amount of the filing fee in installments based on funds in the prisoner's account even if the Plaintiff's complaint (or any part thereof) is dismissed.   28 U.S.C. § 1915(b)(2); 28 U.S.C. § 1915(e)(2)(B).

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Plaintiff states he is currently a prisoner at Macon State Prison in Oglethorpe, Georgia. ECF No. 1 at 4.   He complains that in May 2021 he was involved in a car accident while attending a medical appointment at Augusta Medical Prison.   *Id*. at 5.   He states that he had spine surgery at Atlanta Medical College in July 2021 and that he is still having problems with his left leg, with concerns that "will have nerve damage for the rest of [his] life. And [he] had to go through 4 months of therapy, [He] was sent to Phillips State Prison Infirmary and was returned to Macon State Prison on 8/13/21".   *Id*. at 5-6.   He then complains about his bunk assignment at Macon State Prison saying that "officers should have insured that [he] had received a bottom bunk upon arrival at Macon State Prison".   *Id*. at 6.   He complains further about leg and back pain and possibly the failure to see an "outside doctor".   *Id*.   Lastly, he states that "[o]n Feb 2023 [he] went out to an outside appointment at ASMP to see [his] nerves and back specialist and has not been

2

seen yet". *Id*.   Plaintiff seeks damages. *Id*. at 6.

Plaintiff's complaint in its present form is not sufficient to establish any claim under 42 U.S.C § 1983.   First, it is not possible to discern whether Plaintiff is complaining about the car accident that occurred in May 2021 at Augusta Medical Prison or about the medical care he received at Macon State Prison or Augusta State Prison or Phillips State Prison or anywhere else.   Second, when asked to list the defendants in question 12 of the standard form, Plaintiff names a Sgt. Thomas and an Officer Clark from a wholly different prison, Rutledge State Prison.   *Id*. at 4.   However, in the caption of his complaint, he lists the Georgia Department of Corrections[1]  and a "Robert Toole" as Defendants.   *Id*. at 1.   No matter who the actual Defendants are in this action, it is unclear why Plaintiff has named any of them as Defendants because there are no allegations whatsoever within the body of the complaint which implicate them in any unconstitutional act.   *See id*. at 4-6.   A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp.*

---

[1] Even if Plaintiff had made any allegations as to the Georgia Department of Corrections, the Eleventh Amendment bars suits directly against a state or its agencies.   *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief."   *Id*. (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   The Georgia Department of Corrections, which is an agency of the State of Georgia, is thus protected by sovereign immunity.   *Id*.; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability).

*v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based on the vehicle accident, Plaintiff is advised that such a claim under § 1983 would be subject to dismissal.  It is well-established in the Eleventh Circuit that a state actor who negligently causes an automobile accident cannot be held liable under 42 U.S.C. § 1983 for the injuries suffered by other parties involved in the accident.  *See, e.g., Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986) (holding that "a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right"); *Bird v. Chatham Cnty. Detention Center*, No. CV407-150, 2008 WL 68842, at *2 (S.D. Ga. Jan. 2, 2008) (claim that transport officer caused car accident "because he was distracted by his cell phone and the radio" did not rise to the level of a constitutional violation; at most, allegations suggested officer acted negligently).  Plaintiff therefore cannot state a claim under 42 U.S.C. § 1983 for the wrecking of the transport vehicle in which he was a

passenger.[2]

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").  Therefore, in addition to addressing the filing fee, Plaintiff must also submit an amended complaint if he wishes to proceed with this civil action.

Plaintiff is cautioned that the opportunity to recast the complaint is not an invitation for him to include every imaginable claim that he may have regarding his incarceration. Specifically, a plaintiff cannot join unrelated claims and/ or defendants in a single action. *See generally* Fed. R. Civ. P. 20.   Just because alleged events occur in one prison or during the time of a Plaintiff's total incarceration does not necessarily make claims about those allegations related.   A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.   Fed. R. Civ. P. 20(a)(1)(A)-(B).   Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical

---

2 In this finding, the Court is in no way commenting on any possible state law tort claim Plaintiff might pursue.

relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).  If the Plaintiff wishes to pursue unrelated claims, these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number.  The filing fee must also be addressed in each new civil action.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint.  The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint should he file one.  The Court will not consider those facts contained in Plaintiff's original complaint.  Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant.  Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.  It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)     What did this Defendant do (or not do) to violate your rights?   In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)     Is the Defendant a supervisory official[3] and if so, was he/she personally involved in the constitutional violation?   If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?

(3)     When and where did each action occur (to the extent memory allows)?

(4)     How were you injured because of this Defendant's actions or inactions?

(5)     When and how did the Defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?   What did this defendant do (or not do) in response to this knowledge?

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.   Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named Defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C.

---

[3] Prison Commissioners, Wardens, Deputy Wardens, and other supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.   *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

§ 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages in its entirety.***

If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

## CONCLUSION

If Plaintiff wishes to proceed with this action, he must, within **FOURTEEN (14) DAYS** from the date of this Order: (1) refile his complaint on the Court's standard § 1983 form as instructed, and (2) either pay the $402.00 filing fee or submit a motion to proceed in forma pauperis that includes a certified account statement signed by a prison official and including a statement of Plaintiff's account transactions for the previous six months. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There shall be NO SERVICE of process upon any Defendant until further order of the Court. **Failure to fully and timely comply with this**

**Order may result in the dismissal of this Complaint.**

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff for his use in complying with this order of the Court.

**SO ORDERED and DIRECTED**, this 5th day of April, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge