**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **NATHANIEL PAIGE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 5:23-CV-00087-MTT-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **Warden SMITH, Sgt. THOMAS,** | : | |
| **Ofc. CLARK, [1]** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).   *Pro Se* Plaintiff Nathaniel Page, a prisoner confined at Macon State Prison in Oglethorpe, Georgia filed a civil rights complaint under 42 U.S.C. § 1983.   ECF No. 1.   On April 5, 2023, Plaintiff was ordered to address the filing fee. ECF No. 3.   Plaintiff was also ordered to recast his complaint and provided with instructions on how to do so.   *Id.*   Plaintiff has now filed a motion for leave to proceed *in forma pauperis* (ECF No. 5) and a recast complaint (ECF No. 4).   This case is now ripe for preliminary review. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

---

[1]In his amended complaint (ECF No. 4), Plaintiff removes Georgia Department of Corrections and Robert Toole as Defendants.   *See id.* at 1 and 4.   Plaintiff appears to add Warden Smith as a Defendant.   *See id.* at 1.   Therefore, the Clerk's office is **DIRECTED** to terminate Georgia Department of Corrections and Robert Toole as Defendants and to add Warden Smith of Macon State Prison as a Defendant. *See Schreane v. Middlebrooks*¸ 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 5.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act

2

("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.

2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"   *Hughes*, 350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"   *Id.* (citation omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"   *Twombly*, 550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy

4

these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Factual Allegations</u>

Plaintiff is an inmate at Macon State Prison.   ECF No. 4 at 5.   Plaintiff states that on May 10, 2021, he was at Augusta Medical Prison for a medical appointment and that he "was injured in a accident … due to the wrecklessness and there carelessness of The drive of a vehicle which struck the van of which [he] was a passenger".   *Id.*   Plaintiff further alleges that "while parked at the security tower another state vehicle backing up out of a no pistol security gate toward [their] van struck [them] while going 10 to 15 MPH".   *Id.*   He states that on July 17, 2021, he had "spine surgery at Atlanta Medical College".   *Id.*   Plaintiff complains that he is "still having problems with [his] left leg. That indication that [he] will have nerve and back damage for the rest of [his] life".   *Id.*   Plaintiff seeks damages.   *Id.* at 6.

III.   <u>Plaintiff's Claims</u>

On April 5, 2023, this Court conducted an initial review of Plaintiff's complaint.   ECF No. 3.   Plaintiff was particularly advised on why his complaint failed to state a claim and was provided an opportunity to recast his complaint along with a roadmap to aid in pleading a claim.   *See id.*   Plaintiff was specifically instructed to inform the Court about what each Defendant did that violated his civil rights.   *Id.* at 6-7.   Despite the Court's guidance, Plaintiff's recast complaint (ECF No. 4) is essentially indistinguishable from his original complaint (ECF No. 1).   Plaintiff once again fails to name any of the Defendants in his statement of claim and makes no specific factual allegations regarding these Defendants anywhere in his complaint.   *See* ECF No. 4.   As Plaintiff was previously advised (ECF No. 3 at 3-4), a district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state

any allegations that connect the defendant with an alleged constitutional violation.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Even if Plaintiff had named the Defendants in his statement of claim, he would still not have a civil rights action based upon his allegations of being injured in a vehicle collision.  As Plaintiff was previously advised in this Court's order to recast (ECF No. 3 at 4-5), it is well-established in the Eleventh Circuit that the Eighth Amendment is not implicated by negligent acts of officials. *See e.g.*, *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (a prison official's negligence in failing to protect an inmate from harm does not give rise to a cause of action under § 1983); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (mere negligence does not violate the Eighth Amendment); *Kelley v. Hicks,* 400 F.3d 1282, 1285 (11th Cir. 2005) (negligence insufficient to establish a constitutional violation).  More specifically, a state actor who negligently causes an automobile accident cannot be held liable under 42 U.S.C. § 1983 for the injuries suffered by other parties involved in the accident.  *See, e.g., Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986) (holding that "a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right"); *Wilcox v. Fenn*, 380 F. App'x 837, 839 (11th Cir. 2010) (holding that "Defendants' act in driving over the speed limit when not pursuing a

6

suspect or responding to an emergency may have been negligent—or even grossly negligent—but was not so egregious as to be arbitrary in the constitutional sense."); *Smith v. Sec'y. for Dep't of Corr.*, 252 F. App'x 301, 302 (11th Cir. 2007) (per curiam) (prisoner failed to state an Eighth Amendment claim when he was "forced, over his complaints, to ride in an allegedly unsafe utility van" in which prison employees failed to fasten prisoner's seatbelt, "so that [the prisoner] was thrown around within the van," causing injury); *Waddell v. Hendry Cty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) (holding that § 1983 must not be used "as a font of tort law to convert state tort claims into federal causes of action.").   Plaintiff therefore cannot hold any of the Defendants liable under §1983 based upon his allegations that he was injured in a vehicle collision while being transported to a medical appointment.  *See also Bird v. Chatham Cnty. Detention Center*, No. CV407-150, 2008 WL 68842, at *2 (S.D. Ga. Jan. 2, 2008) (claim that transport officer caused car accident "because he was distracted by his cell phone and the radio" did not rise to the level of a constitutional violation; at most, allegations suggested officer acted negligently); *Bowden v. Fauquier*, No. 5:11-CV-437-MTT-MSH, 2012 WL 5385745, at *4 (M.D. Ga. Oct. 5, 2012), *report and recommendation adopted*, No. 5:11-CV-437-MTT, 2012 WL 5383119 (M.D. Ga. Nov. 1, 2012) ("no constitutional violation occurred with respect to Defendant Fauquier's failure to restrain Plaintiff in a seatbelt and Defendant's alleged reckless driving.").   Therefore, even if the Court construed Plaintiff's allegations to assert that any one of the Defendants was driving the transport vehicle or the vehicle that collided with the transport vehicle, Plaintiff's claims are still subject to dismissal for failing to state a constitutional claim for which relief may be granted under § 1983.

III.     <u>**CONCLUSION**</u>

Based on the forgoing, it is **RECOMMENDED** that Plaintiff's civil rights complaint be **dismissed without prejudice** without service upon the Defendants pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e) for failure to state a claim.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with United States District Court Chief Judge Marc T. Treadwell, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal any order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 22nd day of June, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

8